UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DANIEL L. WILLIAMS    ]
    Plaintiff,         ]
                       ]
v.                     ]    No. 1:12-0102
                       ]    CHIEF JUDGE HAYNES
SGT. DUSTIN LEE, et al. ]
    Defendants.        ]

## ORDER

Before the Court are Plaintiff's Motion (Docket Entry No. 53) for copies of the complaint, a docket sheet, the scheduling of a deposition hearing, and ten subpoenas, and a motion for appointment of counsel (Docket Entry No. 54).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will only occur under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993). Plaintiff claims an ignorance of the law and mental health issues as the circumstances warranting an appointment of counsel. However, the Plaintiff's pleadings do not suggest that he is incapable of prosecuting his claims in a coherent and intelligent manner. According, Plaintiff's Motion for the Appointment of Counsel is **DENIED**.

To the extent that the Plaintiff is seeking copies of his complaint and the docket sheet, the Clerk is **DIRECTED** to forward these copies to the Plaintiff.

The Plaintiff also moves the Court to schedule a deposition hearing and provide him with ten subpoenas. Subpoenas will not be provided to the Plaintiff without compliance with Federal Rules

of Civil Procedure 45 and identification of the person or entity Plaintiff intends to subpoena and their relevance to this action. The Court does not set deposition hearings but Plaintiff is provided the attached pro se information form on discovery.

It is so **ORDERED**.

ENTERED this the 25th day of February, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____, )
)
**Plaintiff,** )
)
v. ) NO._____
) JUDGE HAYNES
_____, )
)
**Defendant.** )

**INFORMATION FOR PRO SE LITIGANTS**

To assist the parties and the Court, this document is intended to provide a brief summary of the procedures and rules governing pretrial and trial proceedings.

**A.     PRETRIAL PROCEEDINGS**

As a general rule, there are three significant pretrial proceedings: pretrial conferences, dispositive motions and discovery.

If the Court finds that your complaint should proceed further, the Court may set a pretrial conference. A pretrial conference is designed to assist the parties in identifying and exchanging any necessary information to prove a claim or defense and to set a schedule for further proceedings. The parties will be exchanging the identity of persons who may have knowledge of the dispute and documents about the dispute. Any additional matters for discussion will be set forth in an Order.

Another significant proceeding related to the pretrial conference is discovery, a process by which one side seeks and acquires information about the dispute from another party or knowledgeable witness. There are various methods of pretrial discovery under the Federal Rules of Civil Procedure: interrogatories, depositions, document requests, requests for admissions, and

inspection of premises. Interrogatories are written questions from one party to another party or from one party to a witness. A deposition is the oral testimony of a witness or party, under oath, taken outside of court. A document request is a written description of documents that one party wants from another party. A request for admissions is a statement of fact that one party asks another party to admit or deny. An inspection of premises is a request for the party to view the premises or to inspect any disputed product. A Court, however, may prohibit any discovery that is unreasonable, unduly burdensome, or inappropriate. Any party may ask the Court to protect it from discovery by filing a motion. You are directed, however, to discuss any discovery dispute with defense counsel before you file a motion with the Court. You are not to file discovery materials with the Court except in response to a motion.

The third pretrial proceeding is the filing of motions, dispositive and non-dispositive. Dispositive motions seek relief on a claim or defense without the necessity of trial because the law or the facts arguably do not warrant a trial on a particular claim for relief or defense. Two common dispositive motions are motions to dismiss and motions for summary judgment. You will receive notice if a dispositive motion has any special requirements for a response. You are informed, however, that the failure to respond or oppose to a motion can be interpreted to mean that you do not oppose the motion.

A non-dispositive motion asks the Court to take some other action other than deciding the merits of the case. The classic example is a motion to protect a party from discovery. If during the pretrial proceedings a party wants the Court to take some other such action, the party can file a written document with the Court entitled "Motion" and describe the particular action the party wants the Court to take. A copy of any party's motion must be mailed to all other parties.

Failure to do so means that the Court may disregard or deny the motion. IF the defendant(s) file(s) a motion and you do not respond, your failure to respond can be interpreted to mean that you do not oppose the motion.

The pretrial conference and hearings on motions, if necessary, may be held by video conferencing.

The fourth pretrial proceeding is final pretrial conference that is held after discovery is completed. This conference is to make final preparations for the trial. At the final pretrial conference, both you and defense counsel will be expected to discuss the following subjects:

> (1) each party's theory of the case or a summary stating why you feel your rights were violated and a brief description of the facts to show the violation;
>
> (2) the witnesses at trial and if any of your witnesses is in custody, you must be prepared to summarize the testimony of each witness to enable the Court to determine whether that witness should be produced by Order of the Court;
>
> (3) the identity of any expert witnesses at trial and the substance of their opinions on a party's claim or defense;
>
> (4) the possibility of obtaining admissions of fact and of documents that will avoid unnecessary discovery or proof, and stipulations regarding the authenticity of documents;
>
> (5) the exhibits to be used at trial and the number of such exhibits; and
>
> (6) any discussions of any evidence issues expected to arise at trial.

If you have particular questions, you can present them at the final pretrial conference. If additional questions arise after the final pretrial conference, the Court may address them in a conference with you and defense counsel at the trial.

## B. TRIAL PROCEDURES

If the case proceeds to trial, the date and time will be set forth in an Order. On the day of

trial, the plaintiff sits at the table facing the Court. You must stand when speaking to the Court, and address the judge as "your honor." You may not leave the courtroom during proceedings without the Court's approval.

If either you or the defendant requests a jury trial, the trial will begin with the selection of the jury. Both you and the defendant(s) have the right to have the case tried by qualified, fair and impartial jurors.

The selection of a jury is an important part of the proceeding. A qualified and impartial jury is one that is responsible and capable and will make its decision without fear, favor, bias, prejudice, sympathy or passion. A juror's qualifications and impartiality may not be assumed without an inquiry, which is called the "voir dire" examination. "Voir dire" is french for "to speak the truth." In the law, it describes the process by which the qualifications and impartiality of jurors are determined. The Court will initially question the prospective jurors. Thereafter, both you and defense counsel will be allowed to question the jury.

The purpose of voir dire is to develop the truth about a juror's qualifications, his or her frame of mind, and ability to do his or her sworn duty in accordance with the juror's oath. The jurors' answers to the questions that the Court will ask will enable the Court to determine whether a juror should be excused for cause, which means excused for a valid reason in law or fact. A juror's answer will also allow both you and defense counsel to make intelligent use of your peremptory challenges. On the morning of trial, you will be given a list of members of the jury panel with personal information about them. You are to return this form to the marshal after the jury is selected.

After the members pf the jury panel are questioned by the Court, the parties will be given

4

the opportunity to question any member of the panel. You should prepare your questions in advance. Questions should be directed to issues such as any bias or prejudice toward you, your legal claim, any award or relief for your claim, or knowledge about circumstances similar to your claim. For example, if you are a prisoner, you may ask if any member of the jury or his or her immediate family, have worked in a prison or have visited a prison.

After questioning by the Court and the parties, the Court will entertain challenges to individual members of the jury panel. There are two (2) types of challenges: for cause and peremptory. A challenge for cause is based upon any comment by a juror that reflects bias or other reason to disqualify the juror. The Court will usually call you and defense counsel to the bench for a conference and you will be requested to identify any juror that you want to excuse for cause and explain your reasons why. After the Court rules, the parties will be given the opportunity to use their peremptory challenges.

Peremptory challenges are rights that a party has to remove a juror without giving a reason for your decision unless the challenge suggests racial or sexual discrimination. The Court will ask you to identify on a slip of paper the juror by seat number whom you wish to challenge. Absent agreement of the parties or a court ruling, you have three peremptory challenges.

The parties will select six jurors, unless the parties agree to take a higher number. At the trial, the Court may give preliminary jury instructions that are designed to assist the jurors in understanding the different stages of the trial.

After the jury is selected, both you and defense counsel may make an opening statement. An opening statement is an outline of what you intend to prove and is designed to assist the jury in following your presentation of your evidence. These statements should state anticipated facts,

but should not be arguments about why those facts entitle you to win. For example, if wuold be correct to state: "The evidence will show that I was denied medication by the defendant even after the doctor had prescribed the medication." It would be incorrect, however, to argue during opening statements: "It was wrong for the defendant to withhold the medication, and the defendant should pay damages."

Following the opening statements, the evidence is presented. Having brought the lawsuit, the plaintiff has the burden of proof and will present his or her evidence first. This is a civil case and the plaintiff has the burden of proving his or her case by what is called the preponderance of the evidence. This burden of proof is not the same as the beyond a reasonable doubt standard that is used in criminal cases. This means that the plaintiff must prove by evidence that what he or she claims to have happened more likely than not did happen. To put it differently, if the jury was to put the plaintiff's evidence and the defendant's evidence on opposite sides of the scale, the plaintiff's evidence would have to make the scale tip slightly to his or her side. If the plaintiff fails to meet this burden, the verdict must be for the defendant(s). If the defendant has a legal defense, the defendant has the burden to prove that defense by the same preponderance of the evidence standard.

You, as the plaintiff, will present your witness first and ask them questions during what is called direct examination. As a general rule, witnesses may only testify to matters about which they have personal knowledge and have observed through one or more of their five (5) senses. A witness may describe what another party or witness who is testifying at the trial said, but usually not what any other person said. The defendant(s) will then be allowed to cross-examine your witnesses. During the testimony of a witness, neither you nor defense counsel may approach the

witness without the Court's approval.

Next, the defendant(s) will present its (their) witnesses. Following defense counsel's direct examination of each of the defendant's witnesses, you will be allowed to cross-examine the defense witness. Any additional proof and rebuttal, which you and counsel for the defendant may present through re-direct or re-cross examination, may be heard in the discretion of the Court.

During the examination and cross-examination of the witnesses, you and defense counsel are to ask questions as opposed to making statements arguing with the witness. Leading questions, or questions which suggest the answer, should only be used during cross and re-cross examination and avoided during direct or re-direct examination. Nonleading questions usually begin with: who, what, when, where, how or why.

All documents and objects introduced as exhibits are to be shown to the witnesses, and shall be passed to witnesses by the United States marshal. If practical, you should make four copies of all documentary exhibits, with one copy each for the witness, the Court, defense counsel and yourself. When a witness is to be examined in detail about an exhibit, you may pass copies of the exhibit to each member of the jury with the Court's permission.

You may object to questions or documents when defense counsel offers testimony that you believe to be inadmissible or asks an improper question. The Court will instruct the jurors that they should not show prejudice against a party or an attorney because they have made objections. You should state your objections concisely and without argument. You may, however, request a bench conference to be held outside the hearing of the jury. All objections or comments should be addressed to the Court. When an objection is overruled, the witness must

answer the question. When an objection is sustained, however, the witness may not answer. There are two types of evidence from which the jury may find the truth as to the facts of the case– direct and circumstantial evidence. Direct evidence is the testimony of one who asserts actual knowledge of the fact, such as an eyewitness. Circumstantial evidence is the proof of a chain of facts and circumstances that indicate the existence of certain facts. For example, if a person were to see a rabbit's footprints in the snow, the person could infer and therefore find, that a rabbit had been at that spot, although the person did not actually see the rabbit.

The evidence from which a jury can decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct and cross-examination, and regardless of who called the witness.

Second, there are the exhibits which the Court has received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or which the Court has instructed the jury to find.

Certain things are not evidence and are to be disregarded in decided what the facts are:

1. Arguments or statements by lawyers are not evidence.

2. The questions to the witnesses are not evidence. They can be considered only to give meaning to the witnesses's answer.

3. Objections to questions and arguments are not evidence. Attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence. The jurors should not be influenced by the objection or y the Court's ruling on the objection.

4. Anything the jurors may have seen or heard outside the courtroom is not evidence. The jurors are to decide the case solely on the evidence offered and received in the trial.

The jury must also disregard any testimony that the Court instructs them to disregard. In this connection, if evidence is admitted for a limited purpose, then the Court will so instruct the jury. The jury must consider such evidence only for the limited purpose for which it is admitted. If the Court sustains an objection to a question, the jurors must ignore the question and cannot speculate as to what the answer may have been. Likewise, if the Court orders that evidence be stricken from the record, the jurors must disregard such evidence completely. The jurors may not consider such matters in their deliberations.

During the course of the trial, there may be occasions when the Court will find it necessary to talk with you and counsel for the defendant outside the hearing of the jury. These conferences are necessary to decide how certain matters are to be handled to avoid any confusion or error in presenting evidence to the jury.

After the receipt of all proof, both you and defense counsel will make closing arguments. The purpose of closing arguments is to summarize and interpret the evidence that is favorable to your case. You, as plaintiff, will argue first and then defense counsel may respond. Thereafter, you will be given the opportunity to respond to defense counsel's closing argument.

After argument on behalf of the parties, the Court will instruct the jurors on the law that is to govern their deliberations. In the trial of this case, the Court is the sole source of the law. The jury is the sole decision-maker as to the facts. Statements of counsel as to the applicable law are not to be considered by the jury. At the beginning of trial you will be given a draft of the Court's instructions and a verdict form to assist the jurors in making their decisions. You will have the opportunity to object before the instructions are given to the jury. Parties are also allowed to submit their own jury instructions to the Court. These requests should be prepared in advance

and given to the clerk's office and to opposing counsel no later than 9:00 a.m. on the day of trial. Supplemental and additional instructions may be submitted to the Court prior to final arguments. The jury instructions are reduced to writing and are taken by the jury, together with any exhibits, into the jury room for their deliberations.

The jury's verdict must be unanimous. If the jury is clearly deadlocked, a mistrial will be declared and the parties can try their case again. The jurors will be given a verdict form to assist them. IF the jurors reach a verdict, the foreperson will sign the form and inform the marshal. The jury is then brought into the courtroom where the verdict will be announced. The Court will then ask each juror if the verdict is correct. The Court will then enter an Order or Final Judgment in accordance with the jury verdict.

If you want to appeal the jury's verdict, you must file a notice of appeal within thirty (30) days of the date of the Court's judgment.