UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DANIEL L. WILLIAMS | ] |
| Plaintiff, | ] |
| v. | ] Case No. 1:12-0102 |
|  | ] Senior Judge Haynes |
| SGT. DUSTIN LEE, et al. | ] |
| Defendants. | ] |

## MEMORANDUM

Before the Court is the Defendants' motion for summary judgment (Docket Entry No. 93), to which Plaintiff filed a response (Docket Entry No. 99) to which the Defendants' replied (Docket Entry No. 102) to Plaintiff's response.

Plaintiff, Daniel L. Williams, an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983, against the Defendants: the Lawrence County Jail, Sargent Dustin Lee, Sargent Mahar (full name unknown), Officer Ferguson (full name unknown), Officer Haddeoku (full name unknown), Nuruse Bobby (last name unknown), and Lieutenant Kellum (full name unknown), members of the staff at the Lawrence County Jail. Plaintiff asserts claims for excessive force to restrain him and that the Defendants then denied him medical care for his injuries.

### A. Findings of Fact[1]

---

[1]Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Thus, this section constitutes finding of facts under

On September 18, 2011, Plaintiff was arrested and charged with aggravated assault after allegedly beating another man with a baseball bat. (Docket Entry No. 56-1 at 2-3). A General Sessions Judge found probable cause for the charge and Plaintiff was confined at the Lawrence County Jail.

According to the Jail Incident Report, three days later, Plaintiff disobeyed an order from defendant Ferguson and threatened the officer in a vulgar manner. Plaintiff was instructed to exit his cell, but he refused to do so. Defendant Ferguson, with the assistance of two other officers, removed Plaintiff from his cell and transferred Plaintiff to an administrative segregation cell. (Docket Entry No. 56-2 at 2).

Later that morning, the Plaintiff began to scream and bang on his cell door. Defendant Ferguson instructed Plaintiff to stop his disruptive behavior, but Plaintiff refused and continued to yell and bang on his cell door. (Docket Entry No. 55-2, at ¶ 5). Because Plaintiff continued to kick his cell door and there was concern that Plaintiff might injure himself as a result, deputies believed it was necessary to remove Plaintiff from his cell and place him in a restraint chair. Id. at ¶ 8. Defendant Lee's subsequent attempt to calm Plaintiff was unsuccessful. With the assistance of three other officers, Defendant Lee and Defendant Ford, entered Plaintiff's cell to restrain him. When Plaintiff ignored Lee's order to sit down, the officer took the Plaintiff to the ground. Plaintiff began kicking the officers and would not stop. Defendant Lee then sprayed the Plaintiff with freeze plus

---

Fed.R.Civ.P. 56(d).

This recitation of the facts is taken from the Jail Incident Report, affidavits provided by the Defendants (Docket Entry Nos. 56-63), and the Defendants' Statement of Undisputed Facts (Docket Entry No. 55-2). Plaintiff did not challenge the Defendants' Statement of Undisputed Facts. The failure to respond to the Defendants' Statement indicates "that the asserted facts are not disputed for purposes of summary judgment." Rule 56.01(g), Local Rules of Court.

2

p. Despite the spray, Plaintiff continued to kick the officers. The officers then dragged the Plaintiff from his cell into the hallway. (Docket Entry No. 56-2 at 3). Defendant Ferguson was injured attempting to restrain the Plaintiff. Id. at 10. Defendants Lee and Ford attempted to restrain the Plaintiff's legs while the other officers grabbed his arms. Officers heard a loud pop and the Plaintiff ceased his resistance. (Docket Entry No. 63-1 at 2).

Plaintiff was taken to the nurse for examination. Defendant Ford, a registered nurse, examined Plaintiff and determined that Plaintiff would need medical care. Plaintiff was escorted to an outside clinic where x-rays were taken of his left arm. (Docket Entry No. 56-4 at 6). The x-rays revealed that the Plaintiff had suffered a fracture to his left arm and the recommendation was for further examination and treatment by an orthopedic surgeon. Plaintiff was taken to Crockett Orthopedics where he was examined by an orthopedic surgeon who instructed Plaintiff to keep his arm in a sling for a week and prescribed pain medication. (Docket Entry No. 57 at 2). The following day, Plaintiff was released from the Lawrence County Jail on bond. (Docket Entry No. 56 at 2).

## B. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accord, Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

3

the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in Celotex

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

4

> portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby). Moreover, the Court of Appeals explained that

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1480 (cites omitted). See also Hutt v. Gibson Fiber Glass Products, No. 89-5731 (6th Cir. filed September 19, 1990) ("A court deciding a motion for summary judgment must

determine `whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." quoting Liberty Lobby)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, summary judgment will not lie if the dispute about a material fact is `genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.
>
> * * *
>
> Progressing to the specific issue in this case, we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- `whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'

Liberty Lobby, 477 U.S. at 248, 252, 106 S. Ct. 2505, 91 L.Ed.2d at 211-212, 214 (citation omitted and emphasis added).

It is likewise true that

> [I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: `The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Company, 791 F.2d. 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion

> A district court is not required to speculate on which portion of the record the nonmovingparty relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New InterNational Dictionary (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). In this district, the parties must provide specific references to the proof upon which they rely. See Local Rule 56.01(c) requiring each party to provide a statement of undisputed facts to which the opposing party must respond.

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the 'scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed

8

upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

Excessive force claims can be raised under the Fourth, Eighth, and Fourteenth Amendments. Burgess v. Fischer, 735 F.3d 462, 472 (6th Cir. 2013). "Which amendment should be applied depends on the status of the plaintiff at the time of the incident; that is, whether the plaintiff was a free citizen, convicted prisoner, or fit in some gray area in between the two." Id. The Fourth Amendment applies to free citizens, the Eighth Amendment applies to convicted persons and the Fourteenth Amendment applies to pretrial detainees. Id. "A plaintiff has a substantially higher hurdle to overcome to make a showing of excessive force under the Fourteenth Amendment as opposed to under the Fourth Amendment." Id. In Aldini v. Johnson, 609 F.3d 858, 867 (6th Cir. 2010), the Sixth Circuit established that "the dividing line between the Fourth and Fourteenth Amendment zones of protection was the probable cause hearing for warrantless arrests." Id. at 474.

Here, the incident in question took place following Plaintiff's probable cause hearing. Thus, as a pre-trial detainee who has had a probable cause hearing, Plaintiff's claims of excessive use of force fall within the purview of the substantive Due Process Clause of the Fourteenth Amendment. Id.; Aldini, 609 F.3d at 867.

The standard to apply under the Fourteenth Amendment is whether a defendant's conduct "shocks the conscience" so as to amount to an arbitrary exercise of governmental power. Darrah v.

City of Oak Park, 255 F.3d 301, 306 (6th Cir. 2001). This standard, however, differs depending on the factual circumstances. Burgess, 735 F.3d at 473. "Typically, the Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive force that amounts to punishment, and the Eighth Amendment protects convicted prisoners from 'unnecessary and wanton infliction of pain.'" Shreve v. Franklin Cnty, Ohio, 743 F.3d 126, 133 (6th Cir. 2011) (citations omitted). Yet, "[t]he difference is this: An excessive-force claim under the Eighth Amendment requires that the plaintiff show that force was not 'applied in a good-faith effort to maintain or restore discipline," but instead applied "maliciously and sadistically to cause harm.' But an excessive-force claim under the Fourteenth Amendment operates on a sliding scale. Generally, to constitute a Fourteenth Amendment violation, an official's conduct must 'shock [ ] the conscience.'" Id. at 133-34 (citations omitted).

Under the Fourteenth Amendment standard, "[w]here defendants are 'afforded a reasonable opportunity to deliberate ... their actions will be deemed conscience-shocking if they were taken with deliberate indifference towards the plaintiff's federally protected rights.'" Burgess, 735 F.3d at 473 (citations and internal quotation marks omitted); see Shreve, 743 F.3d at 135-37 (applying the "shocks the conscience" standard where the facts reflected that deputies had a reasonable opportunity to deliberate various alternatives prior to electing a course of action when they warned the pretrial detainee plaintiff multiple times that he would be Tased if he did not cooperate and that it would hurt, that the deputies also tried to wrestle the plaintiff to the ground to cuff him several times before the first use of the Taser, that the deputies backed away after each attempt, that a deputy volunteered to "get his cuff" and other deputies assisted him and that the deputies faced an ongoing danger with the plaintiff thrashing about on the cell floor with a loose handcuff). Yet, "[w]hen officials respond

10

to 'a rapidly evolving, fluid, and dangerous predicament,' the Fourteenth Amendment's excessive-force standard is the same as the Eighth Amendment's: '[T]he plaintiff must show that the defendant acted maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline.'" Shreve, 743 F.3d at 134 (citation and internal quotation marks omitted).

Normally, if a plaintiff's version as to the nature and degree of force is credited, a jury question is created as to whether the force used was excessive. Kain v. Nesbitt, 156 F.3d 669, 673 (6th Cir. 1998). For that reason, summary judgment should be granted sparingly in excessive force cases. Drummond v. City of Anaheim, 343 F.3d 1052, 1056 (9th Cir. 2003).

Regardless of the amount of force used by the Defendants to restrain the Plaintiff, they assert an entitlement to qualified immunity. (Docket Entry No. 93). Under this doctrine, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). It is not necessary that the very action has been previously held unlawful but, given the pre-existing law, the unlawfulness of the conduct must have been apparent. Barton v. Norrod, 106 F.3d 1289, 1293 (6th Cir.), *cert. denied*, 522 U.S. 934 (1997). To prevail against a qualified immunity defense, the plaintiff must allege that a violation of a clearly established right occurred and that sufficient evidence exists to create a genuine issue as to whether the defendant in fact committed the acts that violated that right. Adams v. Metiva, 31 F.3d 375, 386 (6th Cir. 1994).

The Defendants have provided a DVD as an exhibit to their motion for summary judgment. *See* Docket Entry No. 66, Exhibit A. The DVD contains a reproduction of scenes taken from a

surveillance camera outside the Plaintiff's cell. While these scenes do not depict what occurred in the Plaintiff's cell, they do show the Plaintiff being dragged from his cell into the hallway where officers restrained him.

The Court concludes that Plaintiff's excessive force claims would fail under either the Eighth or Fourteenth Amendment standards. Here, as stated by the Defendants in their affidavits, Plaintiff was kicking wildly after Defendants Ferguson's and Lee's attempts to calm Plaintiff failed. Plaintiff was held to the ground while officers restrained Plaintiff's hands and feet. There was no gratuitous violence seen during the extraction. Under the Eighth Amendment, the situation was "rapidly evolving, fluid and a dangerous predicament." But there is no evidence that the Defendants acted "maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline." The Plaintiff has offered nothing to rebut Defendants' proof.

Moreover, under the Fourteenth Amendment, the uncontradicted evidence reflects that the Defendants attempted to get the Plaintiff to calm down, but Plaintiff continued to bang and kick his cell door, causing the Defendants' need to put Plaintiff in a restraint chair to prevent him from injuring himself. Based upon these facts, Plaintiff fails to show that Defendants' actions were taken with deliberate indifference towards the Plaintiff's federally protected rights that would shock the conscience. Shreve, 743 F.3d at 135-38. Therefore, the Court finds that the Defendants are entitled to summary judgment as to the Plaintiff's claims of excessive use of force.

The Plaintiff also claims that the Defendants were "deliberately indifferent to my serious medical needs, and left me in pain after the medical beating." (Docket Entry No. 1 at 4).[2]

---

[2] In a subsequent pleading, the Plaintiff alleged that the denial of medical care included his need for mental health services. *See* Docket Entry No. 99. The complaint, however, was never amended to include such a claim. Therefore, this medical claim is not presently before the Court.

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when jailers are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The deliberate indifference standard of the Eighth Amendment has been held to apply to pre-trial detainees such as the Plaintiff. Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001).

Following his extraction from the cell, Defendant Ford, a registered nurse, examined the Plaintiff and determined that he needed medical care. The record clearly shows that he was then transported to an outside clinic where x-rays were taken of Plaintiff's injured arm. When it was learned that the Plaintiff had suffered a fractured arm, he was sent to an orthopedic surgeon for examination and treatment. (Docket Entry No. 57-3 at 6). The record further shows that the Plaintiff was given medication for pain, which included pills given to him when he was released on bond. (Docket Entry No. 57-2 at 2-4). The Plaintiff does not dispute these facts.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, *supra* at 429 U.S. 105-106. Therefore, the Plaintiff has failed to allege a medical claim sufficient to consitute a violation of federal law. Graham v. Washtenaw, 358 F.3d 377, 385 (6th Cir.2004)(the inadequacy of medical care is not actionable under § 1983).

Plaintiff has failed to provide any documentary support for the allegations in his complaint. To avoid summary judgment, the Plaintiff must present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank

of Arizona v. Cities Service Co., 391 U.S. 253 (1968). The Plaintiff has failed to meet this burden.

With regard to Plaintiff's excessive use of force claims, there is no evidence in this record that might suggest a constitutional violation. To the contrary, the DVD provided by the Defendants shows that they acted in a professional manner that was not intended to be either malicious or sadistic under the Eighth Amendment or that shocks the conscience under the Fourteenth Amendment. Moreover, the Defendants have provided undisputed evidence that the Plaintiff was promptly afforded medical care as dictated by his needs.

Accordingly, summary judgment would be appropriate in this instance.[3]

**ENTERED** this the 23rd day of January, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

---

[3] Officer Gary Wells was named as a defendant in the complaint. See Docket Entry No. 1 at pg. 3. However, it does not appear from the record that this individual has ever been served with process. The time for seeking service of process on this individual has long since past. Rule 4(m), Fed. R. Civ. P. (within 120 days from the date that the complaint is filed). Therefore, any claims intended against this individual by the Plaintiff are also denied.